### THE PEGASUS.

(District Court, D. Oregon. September 14, 1899.)

No. 4,464.

MASTER AND SERVANT—INJURY OF SEAMAN—LIABILITY OF SHIP.

 A seaman cannot recover damages from the ship for an injury received while obeying an order which is shown to have been a proper and usual one under the circumstances, and when the service required did not involve unusual risk.

This was a suit against the British ship Pegasus to recover damages for a personal injury to a seaman.

John Manning, for libelant.

J. C. Flanders, for claimant.

BELLINGER, District Judge. This is a libel for damages. Shortly after the ship Pegasus had left Port Townsend, and probably while still in tow of the tug, the boatswain gave the order, "Two men aloft!"

for the purpose of taking the turn out of the topgallant sail. Libelant and another went aloft, and discharged this duty, and while so engaged libelant claims to have sustained an injury resulting in a rupture, which he attributes to the negligence of the master or officers of the vessel in failing to have the sail clued up before sending the men aloft; the claim being that, on account of the shaking of the sail with the wind, the libelant became jammed somewhere between the sheave and the sheet, and was injured as stated. The testimony shows the order to go aloft was given by the boatswain. It was not specific as to the libelant. The order was, "Two hands aloft!" to which the libelant and another sailor responded. Upon the facts in the case it is not clear that there was any negligence on the part of the captain or of the officers in failing to clue the sail before sending these men aloft. Klinger, one of libelant's witnesses, and the sailor who accompanied libelant in the work, testifies that there was quite a strong breeze at the time, but not a gale of wind. Meyerdiercks, another witness testifying for libelant, says he cannot tell whether he considers the place where libelant went a safe place to go. This witness says that, if he had been ordered to go, he would have gone, never thinking of the question of his safety; that he goes where ordered, unless he can see plainly that he is in danger of his life. The boatswain testifies that it was just an ordinary breeze, and the thing required of the men was not a dangerous thing to do; that he has done the same thing hundreds and thousands of times. Jeffrey, the second mate, says that what was done was a common thing; that there was no storm of any sort; that the weather was showery; that the order given is such an order as is often given on board ship under circumstances such as these. Elliott, the first mate, testifies to the same thing,—that what was done was proper; that it is a thing that is done whenever it is needed, and done in the same manner; that, if libelant thought at the time that the sail should have been clued, he should have sung out to the deck, and that thereupon nobody would have compelled him to go out until the sail was clued; that the libelant went out of his own accord. This is all the testimony in the case, and it fails to make a case of negligence. It does not appear from the testimony of any of these witnesses that the order was one improper to be given, or that it was an unusual order, or that the service involved unusual risk; and the majority of the witnesses testify that the order was one usually given under the circumstances, that it was proper, and is a common thing on shipboard. Under these circumstances there can be no recovery, and the order will be that the libel be dismissed.